IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**UNITED STATES OF AMERICA,**

**Plaintiff,**

v.  Criminal No. 2:09cr48

**LAMONT D. STEWARD,**

**Defendant.**

## OPINION AND ORDER

This matter is before the Court on Lamont D. Steward's ("Defendant") Motion to Reduce Sentence Pursuant to the First Step Act of 2018 ("Motion to Reduce"). ECF No. 62. In such Motion to Reduce, Defendant requests that the Court reduce his term of imprisonment from 150 months to time served. Defendant further requests that the Court reduce his term of supervised release from five years to three years. ECF No. 74 at 14. While the Court finds Defendant eligible for a potential reduction under the First Step Act, the Court exercises its discretion under same and denies both of these requests.

I.  **PROCEDURAL HISTORY AND FACTUAL BACKGROUND**

On June 16, 2009, pursuant to a plea agreement, Defendant pled guilty to a criminal indictment charging him with Possession with Intent to Distribute more than 5 grams of cocaine base (Count One) and possession of a firearm by a felon (Count Four), among other charges. ECF Nos. 1, 12. On October 19, 2009, Defendant was sentenced to a 188-month term of

1

imprisonment—188 months on Count One, and 120 months on Count Four, to be served concurrently. ECF No. 22. On November 14, 2013, the Court reduced Defendant's sentence by twenty percent (20%) to 150 months. ECF No. 50. Defendant's current release date from the Bureau of Prisons ("BOP") is December 19, 2019.

On January 19, 2019, Defendant filed a Motion for Appointment of Counsel Regarding Potential Relief Under the First Step Act ("Motion for Appointment of Counsel"), ECF No. 60, and attached a Motion to Reduce Sentence Pursuant to the First Step Act of 2018 ("Motion to Reduce"), ECF No. 60-1. In its Order dated February 6, 2019, the Court granted Defendant's Motion for Appointment of Counsel, appointing the Office of the Federal Public Defender to represent Defendant in this matter. ECF No. 61. The Court also directed the clerk to file as a separate submission Defendant's Motion to Reduce, which was filed on February 7, 2019. ECF No. 62.

Further, the Court directed the United States Probation Office to file a worksheet and supporting memorandum reflecting Defendant's revised Sentencing Guidelines calculation, if any, under the First Step Act. ECF No. 61 at 2. Such worksheet and supporting memorandum were filed on February 11, 2019, in which the United States Probation Office recommended that the Court find Defendant "ineligible for an adjustment of his sentence as he was originally sentenced to 188 months which was reduced to 150 months, both of which are lower than the new statutory maximum of 240 months." ECF Nos. 65, 66. The Government did not file objections.

On February 21, 2019, the Court entered an Order directing Defendant to file an answer or other response, if any, to the United States Probation Officer's memorandum and worksheet within twenty-one (21) days. ECF No. 67. Defendant, through counsel, filed his Response to the Court's Order of February 21, 2019 ("Response"). ECF No. 68. In such Response, Defendant maintains

that he "is eligible for a reduced sentence under the First Step Act of 2018 and . . . request[s] that his sentence be reduced to time served and 3 years of supervised release." ECF No. 68 at 5.

On February 27, 2019, the Court entered an Order directing the Government to file an answer, motion, or other response addressing Defendant's Motion to Reduce, ECF No. 62, and Defendant's Response to the Court's Order of February 21, 2019, ECF No. 68. ECF No. 70. The Government filed its "Reply to Defendant's Position on Applicability of the First Step Act" ("Government's Response") on February 27, 2019. ECF No. 71. Defendant filed his "Reply to the Government's Response to Defendant's First Step Act Motion" ("Defendant's Reply") on March 13, 2019. ECF No. 74. The Court granted the Government's request to file a sur-reply on March 25, 2019, ECF Nos. 75 & 76, which the Government filed on April 8, 2019, ECF No. 78. The parties appeared before this Court for a hearing on this matter on May 21, 2019.

## II. ANALYSIS

### A. DEFENDANT IS ELIGIBLE FOR A POTENTIAL REDUCTION OF SENTENCE UNDER THE FIRST STEP ACT.

The first issue for the Court to determine is whether Defendant is eligible for a reduction of sentence under Section 404 of the First Step Act. Section 404 of the First Step Act states:

> (a) DEFINITION OF COVERED OFFENSE.—In this section, the term "covered offense" means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372), that was committed before August 3, 2010.
>
> (b) DEFENDANTS PREVIOUSLY SENTENCED.—A court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) were in effect at the time the covered offense was committed.
>
> (c) LIMITATIONS.—No court shall entertain a motion made under this section to reduce a sentence if the sentence was previously imposed or previously reduced

3

> in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) or if a previous motion made under this section to reduce the sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits. Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section.

Pub. L. 115-391 Stat 015, § 404 (2018).

The Government and Defendant agree that Defendant's offense of conviction is a "covered offense" as defined by the First Step Act. See ECF Nos. 62 at 2, 72 at 3–4. The offense constituted a violation of a Federal criminal statute and was committed before August 3, 2010. Further, the applicable penalties were modified by section 2 of the Fair Sentencing Act, which "reduced the statutory penalties for cocaine-based offenses" in order to "alleviate the severe sentencing disparity between crack and powder cocaine." United States v. Peters, 843 F.3d 572, 575 (4th Cir. 2016); Fair Sentencing Act of 2010 § 2, Pub. L. No. 111-220, 124 Stat. 2372 (2010). As relevant here, section 2 of the Fair Sentencing Act increased the drug quantities necessary to trigger mandatory minimum and maximum sentences under 21 U.S.C. § 841(b)(1). Pub. L. No. 111-220, 124 Stat. 2372 (2010). Specifically, the threshold requirement to trigger a statutory penalty range of 5 to 40 years under 21 U.S.C. § 841(b)(1)(B) was increased from 5 grams to 28 grams. Id. As a result, if the Fair Sentencing Act had been in effect at the time Defendant committed the offense, Defendant's statutory maximum would have been 240 months and his Guidelines range would have been 151–188 months, instead of a maximum of 480 months and a Guidelines range of 188–235 months. See 21 U.S.C. § 841(b)(1)(B); ECF Nos. 62 at 2, 66, 71 at 3–4.

Nevertheless, the Probation Officer "recommends that the Court find that [Defendant] is ineligible for an adjustment of sentence, as he was originally sentenced to 188 months which was reduced to 150 months, both of which are lower than the new statutory maximum of 240 months." ECF No. 65.

4

The Court agrees with Defendant and the Government that Defendant's offense is a "covered offense" as defined in Section 404 of the First Step Act. As noted, the offense was committed before August 3, 2010, the offense was a violation of a Federal criminal statute, and the applicable penalties were modified by section 2 of the Fair Sentencing Act. As such, the Court finds, not without some hesitation, that Defendant is technically eligible for a potential reduction pursuant to the First Step Act.

### B. THE COURT DECLINES TO EXERCISE ITS DISCRETION TO REDUCE DEFENDANT'S SENTENCE.

The Court's authority to reduce a sentence pursuant to the First Step Act is entirely discretionary. See First Step Act, Pub. L. 115-391 Stat 015, § 404(b) (2018) ("A court that imposed a sentence for a covered offense *may*[ ] . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed.") (emphasis added); Id. at § 404(c) ("Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section."). Having determined Defendant's eligibility for a potential reduction under the First Step Act, the Court proceeds to determine whether it will exercise its discretion in this matter to reduce Defendant's sentence of 150 months.

Recognizing Defendant's lengthy criminal record, Defendant argues that his "efforts to improve himself and his chances of success upon his release from prison must be weighed against his past record," and requests the Court to consider the "full picture of Mr. Steward, both past and present." ECF Nos. 68 at 5, 74 at 11. In support of this argument, Defendant notes that he "has had only one violation for his nine years of incarceration," "he has completed both drug education . . . and non-residential drug treatment[,]" and he has taken several courses "which will help set him on the path to post-incarceration employment." ECF No. 74 at 11–12.

In contrast, the Government argues that "[b]ecause the defendant's sentence was already reduced to 150 months, this Court should strongly consider not immediately releasing the defendant or reducing his sentence below the current reduction he received from the original 188 to the current 150 months." ECF No. 71 at 5. In support of this argument, the Government highlights Defendant's "status as a guideline career offender," noting that "his criminal record is abysmal and takes up most of the PSR." Id. (citing Presentence Investigation Report, ECF No. 63 at ¶¶ 24-60).

Having fully considered Defendant's Motion to Reduce and all arguments set forth in this matter, the Court declines to reduce Defendant's sentence pursuant to the First Step Act. The Court's reasoning is three-fold. First, the Court previously reduced Defendant's sentence from 188 months to 150 months. Both of these sentences were well below the statutory maximum applicable after the First Step Act (240 months). Second, Defendant's previously reduced sentence of 150 months is below the Guidelines range applicable to Defendant as a result of the First Step Act (151 to 188 months). Finally, Defendant is a Career Offender and his criminal record is notably abominable. Defendant's criminal history spans nearly twenty (20) pages of his Presentence Investigation Report and results in a Criminal History Category of VI. ECF No. 63 at 8–28. While the Court recognizes Defendant's admirable attempts to improve himself during incarceration, the Court is unpersuaded that Defendant's sentence should be reduced considering his significant criminal history and the fact that his current sentence is already below the newly applicable Guidelines range.

Accordingly, the Court **DENIES** Defendant's Motion to Reduce Sentence Pursuant to the First Step Act of 2018. ECF No. 62. For these same reasons, the Court **DENIES** Defendant's request to reduce his term of supervised release from five years to three years. ECF No. 74 at 14.

### C.  THE COURT RECOMMENDS DEFENDANT'S PLACEMENT IN A HALFWAY HOUSE.

In its Response to Defendant's Motion to Reduce, ECF No. 71, the Government advocates for Defendant's placement in a halfway house, arguing that "release as projected by BOP, with a graduated expected release to a half-way house is much more likely to ensure the defendant remains complian[t] with the terms and conditions of his supervised release" and obtains gainful employment. Id. at 5. At the May 21, 2019 hearing, defense counsel agreed that placement in a halfway house would be preferable in the event the Court did not reduce Defendant's sentence, although defense counsel represented that such placement may not be possible due to a pending detainer.

Under 18 U.S.C. § 3621(b)(4), in designating the place of the prisoner's imprisonment, the BOP may consider, among other factors:

"any statement by the court that imposed the sentence –

(A)  concerning the purposes for which the sentence to imprisonment was determined to be warranted; or

(B)  recommending a type of penal or correctional facility as appropriate[.]"

18 U.S.C. § 3621(b)(4). This Court has recognized the authority of federal district courts to make a "non-binding and advisory recommendation to the Bureau of Prisons . . . that [a] Defendant be placed in a Residential Re-Entry Center ("RRC") or halfway house[.]" United States v. Patterson, No. 2:00cr187, 2019 U.S. Dist. LEXIS 3547, at *1–5 (E.D. Va. Jan. 7, 2019) (citing United States v. Ferguson, No. 6:16-cr-00707-JMC-8, 2018 U.S. Dist. LEXIS 179905, at *5–9 (D.S.C. Oct. 18, 2018).

For the reasons set forth in Defendant's supporting memoranda as well as those stated on the record during the May 21, 2019 hearing, the Court finds that Defendant has made significant efforts to improve himself during incarceration and would benefit from placement in a RRC or

halfway house during the final six (6) months of his sentence. As such, the Court hereby strongly **RECOMMENDS** to the Bureau of Prisons that the Defendant be placed in an RRC or halfway house for the final six (6) months of his sentence, regardless of any pending detainer.

## II. CONCLUSION

For the reasons stated herein, the Court **DENIES** Defendant's Motion to Reduce Sentence Pursuant to the First Step Act of 2018. ECF No. 62.

The Court further **DENIES** Defendant's request to reduce his term of supervised release from five years to three years. ECF No. 74 at 14.

However, in light of the Court's authority to make an advisory and non-binding recommendation for placement in a Residential Re-entry Center ("RRC") or halfway house, the Defendant's incarceration record, the Government's support of such placement, and the substantial benefits provided by placement in a RRC or halfway house, the Court hereby **RECOMMENDS** to the Bureau of Prisons that the Defendant be placed in a Residential Re-entry Center ("RRC") or halfway house for the final six (6) months of his sentence.

The Clerk is **DIRECTED** to deliver a copy of this Order to Defendant, the Federal Public Defender, the United States Attorney's Office, the Bureau of Prisons, and to the United States Probation Office.

It is so **ORDERED**.

/s/
Robert G. Doumar
Senior United States District Judge
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
May __, 2019